Issued by the
# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JACLYN DRYDEN

**SUBPOENA IN A CIVIL CASE**

v.

Case Number: 04-1528-KAJ

DOLLAR GENERAL CORPORATION etc.

TO:   Medical Records Custodian
      Kent General Hospital
      640 S. State Street
      Dover, Delaware 19904

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above cause.

| PLACE OF TESTIMONY<br>UNITED STATES DISTRICT COURT<br>DISTRICT OF FLORIDA | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above cause.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See attached Exhibit A.**

| PLACE<br>**Fisher & Phillips LLP**<br>**1250 Lincoln Plaza, 300 S. Orange Ave.**<br>**Orlando, Florida 32801** | DATE AND TIME<br>June 16, 2005<br>10:00 a.m. |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 5/20/05 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Anthony J. Hall, Esquire, FISHER & PHILLIPS LLP, 1250 Lincoln Plaza, 300 South Orange Avenue, Orlando, Florida 32801; Telephone: (407) 541-0879.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

Orlando 69831.1

## PROOF OF SERVICE

| | | |
|---|---|---|
| SERVED | DATE May 26, 2005 12:15 p.m. | PLACE 640 S. State Street Dover DE 19904 |
| SERVED ON (PRINT NAME) Kent General Hospital Service accepted by Rachael Whitecomb | | MANNER OF SERVICE Subpoena |
| SERVED BY (PRINT NAME) Shelly Miles | | TITLE Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 5/26/05

SIGNATURE OF SERVER: Shelly Miles

ADDRESS OF SERVER: 32 Louckerman St Suite 109, Dover DE 19904

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial

be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial.

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Orlando 17512.1

## EXHIBIT "A"

Patient's Name:    Jaclyn Dryden (f/k/a Jaclyn Whitley)

Date of Birth:    12/19/81

Social Security#:    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

You are hereby subpoenaed to provide copies of the following for any and all treatment of the above-referenced patient beginning with **your initial date of treatment through the present date\*\***:

1. All medical records, hospital records, doctors' and nurses' notes, office notes, and all other data pertaining to the diagnosis, treatment and care of the above patient rendered by you or any other health care provider in your possession;

2. Any and all reports, opinions, evaluations, consultations, correspondence, memoranda, telephone messages, or prescriptions regarding the above patient;

3. All patient information forms or questionnaires or any other information provided by the patient;

4. Any and all written reports from x-rays, MRIs, CT scans, or other diagnostic testing;

5. All emergency room records, notes, hospital records and all other data pertaining to diagnosis, treatment and care of the above-named patient;

6. Any and all psychological or psychiatric records or reports, including, but not limited to, testing, consultations and reports of consultations and notes made by any psychiatrist, psychologist or counselors of their interview or counseling of the above-named patient;

7. Every written piece of paper included within the patient's chart, including a copy of any notations on the file jacket.

**\*\*For hospital admissions, please provide abstracts only.**

Orlando 69839 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JACLYN DRYDEN, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 04-1528-KAJ |
| | ) |
| DOLLAR GENERAL CORPORATION, | ) |
| and DOLGENCORP, INC., | ) |
| Defendants. | ) |

### CERTIFICATE OF SERVICE

I, Adria B. Martinelli, Esquire, hereby certify that on June 2, 2005, I electronically filed a true and correct copy of the foregoing **Subpoena In A Civil Case** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

John S. Grady, Esquire
Grady and Hampton, LLC
6 North Bradford Street
Dover, DE 19904

YOUNG CONWAY STARGATT & TAYLOR LLP

/s/ Adria B. Martinelli
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6613
Facsimile: (302) 576-3314
Email: amartinelli@ycst.com
Attorneys for Defendants
DOLLAR GENERAL CORPORATION and
DOLGENCORP, INC.

WP3:1095314.1                                                             063717.1002